UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN,<br><br>                    Petitioner,<br><br>          v.<br><br>RACHAEL NEWCOMB et al.,<br><br>                    Respondents. | Case No.  1:24-cv-00644-KES-HBK (HC)<br><br>ORDER DENYING REQUEST TO CORRECT CASE<br><br>(Doc. No. 5) |

      Petitioner Paul C. Bolin, a state prisoner, initiated this action by filing a pro se handwritten pleading titled "Request for Expedited Review, Petitioner is Unlawfully Held," which the Clerk of Court construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1, "Petition").  Petitioner accompanied the filing with a $5.00 filing fee. (Receipt No. 10002875).  The Petition challenges Petitioner's 1991 conviction and death sentence for two counts of first-degree murder and one count of attempted first degree murder following a jury trial in the Kern County Superior Court.  *See Bolin v. Chappell*, 2016 WL 3213551, at *6 (E.D. Cal. June 9, 2016), *aff'd sub nom. Bolin v. Davis*, 13 F.4th 797 (9th Cir. 2021).  The Petition alleges numerous grounds for relief, including fraud on the court, collusion, and conspiracy, *inter alia*. (*See generally* Doc. No. 1).  Petitioner seeks issuance of a show cause order as to why he is not <u>unlawfully</u> imprisoned.  (*Id*., emphasis added).

      On June 14, 2024, Petitioner filed a "request for expedited review to correct court error."

(Doc. No. 5). To the extent discernable, Petitioner contends his "original submission was [NOT] a habeas corpus petition," rather a "request/demand for a show cause order to issue, pursuant to the amended Penal Code § 1473."[1] (Doc. No. 5 at 1).

Although not on the preapproved § 2254 form, the Petition challenges the fact of Petitioner's current incarceration. *See Badea v. Cox*, 931 F. 2d 573, 574 (9th Cir. 1991) (noting purpose of habeas is to challenge "legality or duration" of a petitioner's incarceration, quoting *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973)). In contrast, constitutional challenges to the conditions of Petitioner's confinement are properly pursued via a civil rights action brought under 42 U.S.C. § 1983. *See Preiser*, 411 U.S. at 499. While a court has discretion to construe a habeas petition as a civil rights action under § 1983, such recharacterization is appropriate only if it is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief." *Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016). Critical to a pleading's construction is whether the success in the action would necessarily imply the invalidity of the underlying conviction or confinement. *Wilkinson v. Dotson*, 544 U.S. 72, 82 (2005). Here, Petitioner is not challenging the conditions of his confinement but is challenging the very fact of his confinement based upon purported fraud, collusion, and conspiracy. (*See generally*, Doc. No. 1). And success on the grounds raised in the Petition would necessarily imply the invalidity of his confinement. Thus, the undersigned does not find recharacterization proper in this case. Further, Petitioner accompanied his filing with the requisite $5.00 filing fee for a habeas corpus petition, as opposed to the $405.00 filing fee for a civil case. *See* Rule 3(a)(1), Rules Governing Section 2254 Cases and Section 2255 Proceedings.

Accordingly, it is **ORDERED**:

Petitioner's Request to Correct Case (Doc. No. 5) is DENIED.

Dated:   June 25, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] California Penal Code section 1473(a) provides: "A person unlawfully imprisoned or restrained of his or her liberty, under any pretense, may prosecute a writ of habeas corpus to inquire into the cause of his or her imprisonment or restraint." Cal. Penal Code § 1473(a).