1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PAUL C. BOLIN,                          Case No.  1:24-cv-00644-KES-HBK (HC)

12                  Petitioner,               FINDINGS AND RECOMMENDATIONS TO
                                             DISMISS PETITION AS DUPLICATIVE
13        v.                                  AND SUCCESSIVE[1]

14   RACHAEL NEWCOMB et al.,                  OBJECTIONS DUE IN 14 DAYS

15                  Respondents.              (Doc. No. 1)

16

17        Petitioner Paul C. Bolin, a state prisoner, is proceeding pro se on his petition for writ of

18   habeas corpus under 28 U.S.C. § 2254 filed on May 31, 2024.  (Doc. No.1, "Petition").  Petitioner

19   accompanied his Petition with the requisite $5.00 filing fee.  (Receipt No. 10002875).  This

20   matter is before the court for preliminary review.  Under Rule 4 of the Rules Governing Section

21   2254 Cases, the court must examine the habeas corpus petition and order a response unless it

22   "plainly appears" that the petitioner is not entitled to relief.  Under Rule 4, courts have "an active

23   role in summarily disposing of facially defective habeas petitions."  *Ross v. Williams*, 896 F.3d

24   958, 968 (9th Cir. 2018) (citation omitted).  The court may dismiss claims at screening for "easily

25   identifiable" procedural defects.  *See id.*  For the reasons set forth below, the undersigned

26   recommends that the Petition be dismissed as duplicative, and in the alternative, as successive.

27

28   _____

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
(E.D. Cal. 2023).

1

### I.    BACKGROUND

Petitioner is challenging his 1991 conviction and death sentence for two counts of first-degree murder and one count of attempted first degree murder following a jury trial in the Kern County Superior Court.  *See Bolin v. Chappell*, 2016 WL 3213551, at *6 (E.D. Cal. June 9, 2016), *aff'd sub nom. Bolin v. Davis*, 13 F.4th 797 (9th Cir. 2021).  To the extent discernable, the Petition asserts various grounds for relief citing to California Penal Code §1473, based on *inter alia*, fraud upon the state court, collusion, conspiracy.  (*See generally* Doc. No. 1).

The Court takes judicial notice of its files and notes Petitioner has filed nine previous habeas petitions in this Court challenging the same conviction and sentence imposed by the Kern County Superior Court: *See Bolin v. Chappell*, No. 1:99-cv-05279-LJO-SAB, 2016 WL 3213551 (E.D. Cal. June 9, 2016) (denied on the merits); *Bolin v. Chappell*, 1:13-cv-00498-LJO (dismissed for failure to state cognizable habeas claim); *Bolin v. Kern County Superior Court*, No. 1:17-cv-00985-LJO-SAB (dismissed as successive); *Bolin v. On Habeas Corpus*, No. 1:18-cv-00692-LJO-SAB (dismissed as successive); *Bolin v. State of California*, No. 1:22-cv-00670-ADA-EPG (dismissed as successive); *Bolin v. State of California*, No. 1:22-cv-00728-DAD (dismissed as duplicative); *Bolin v. On Habeas Corpus*, No. 1:24-cv-00059-KES-SKO (pending findings and recommendations to dismiss as successive pending); *Bolin v. Unknown,* No. 1:24-cv-00094-KES-SAB (dismissed as successive); *Bolin v. Newcomb et al.,* No. 2:24-cv-00413-TLN-CKD (dismissed for failure to state a claim).

Further, the Court takes judicial notice that Petitioner filed a duplicative petition in the Sacramento Division of the Eastern District of California.  *See Bolin v. Newcomb et al.*, No. 2:24-cv-01534-EFB.  The Petition before this Court is identical to the petition filed with the Sacramento Division. The duplicative petitions were both filed on May 31, 2024.  (Doc. No. 1 at 1). [2]

////

---

[2] Although the signature and proof of service by mail pages are not identical, the content of the Petitions appear identical and photocopied.  As of the date of these Findings and Recommendation, the Petition filed in the Sacramento Division remains pending.  Presumably, the Petition filed in the Sacramento Division will be transferred to this Court since this Court has proper venue.

1

## II.    APPLICABLE LAW AND ANALYSIS

2

### A.  Duplicative Petition

3       "It is well established that a district court has broad discretion to control its own docket,

4   and that includes the power to dismiss duplicative claims."  *M.M. v. Lafayette Sch. Dist.*, 681 F.3d

5   1082, 1091 (9th Cir. 2012); *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th

6   Cir. 2007) (citing *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d. Cir. 1977) ("Plaintiffs generally

7   have no right to maintain two separate actions involving the same subject matter at the same time

8   in the same court and against the same defendant.").  The Ninth Circuit held that "after weighing

9   the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-

10  filed action, to stay that action pending resolution of the previously filed action, to enjoin the

11  parties from proceeding with it, or to consolidate both actions."  *Adams*, 487 F.3d at 688.  In

12  "assessing whether the second action is duplicative of the first, we examine whether the causes of

13  action and relief sought, as well as the parties or privies to the action, are the same."  *Id.* at 689.

14      In general, when a pro se petitioner files a habeas petition during the pendency of a

15  previous petition, the district court should construe the second petition as a motion to amend the

16  previous petition.  *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008).  However, construing a

17  duplicative petition as a motion to amend the earlier petition would be purposeless.  *See Pierce v.*

18  *Obama et. al.*, 2015 WL 300676, at *2 (E.D. Cal. Jan. 22, 2015) ("[Petition] is an exact duplicate

19  of the second amended petition currently pending in the previously filed action . . . Therefore,

20  construing the new petition as a motion to amend would serve no purpose.").

21      Here, the instant Petition and the petition filed in *Bolin v. Newcomb et al.*, No. 2:24-cv-

22  01534-EFB both seek relief from the same 1991 conviction and sentence.  (Doc. No. 1).  The

23  parties, causes of action, and relief sought are identical.  (*Id.*; *Bolin*, No.2:24-cv-01534-EFB, Doc.

24  No. 1).  Thus, the instant Petition should be dismissed as duplicative.  *See Garza v. Hernandez,*

25  2008 WL 3060756, at *1 (E.D. Cal. Aug. 4, 2008) (dismissing as duplicative a state prisoner's

26  pro se petition for writ of habeas corpus because the same claim against the same parties has been

27  asserted through numerous previous petitions); *Pierce v. Obama et. al.*, 2015 WL 300676, at *2

28

1  (dismissing duplicative petition "to promote judicial economy and protect the parties from

2  concurrent litigation of the same claim.").

3       **B. Successive Petition**

4       A second or successive petition that raises the same grounds as a prior petition must be

5  dismissed.  28 U.S.C. § 2244(b)(1).  Dismissal also is required for a second or successive petition

6  raising a new ground unless the petitioner can show that (1) the claim rests on a new

7  constitutional right, made retroactive by the United States Supreme Court or (2) the factual basis

8  of the claim was not previously discoverable through due diligence, and these new facts establish

9  by clear and convincing evidence that but for the constitutional error, no reasonable factfinder

10  would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2)(A)-(B).

11  However, it is not the district court that decides whether a second or successive petition meets

12  these requirements; rather a petitioner must obtain leave from the Ninth Circuit Court of Appeals

13  to proceed.  *See* § 2244 (b)(3)(A) ("Before a second or successive application permitted by this

14  section is filed in the district court, the applicant shall move in the appropriate court of appeals for

15  an order authorizing the district court to consider the application."); *Burton v. Stewart*, 549 U.S.

16  147, 152-53 (2007); *Chades v. Hill*, 976 F.3d 1055, 1056 (9th Cir. 2020).  A court is mandated to

17  dismiss a second or successive petition <u>unless</u> the court of appeals has given petitioner leave to

18  file the successive petition because a district court lacks subject-matter jurisdiction over a second

19  or successive petition.  *Burton*, 549 U.S. at 152 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274

20  (9th Cir. 2001).

21       Here, Petitioner has previously sought relief from this Court for the same conviction and

22  sentence.  To the extent that Petitioner seeks to raise new grounds for relief that were not

23  previously raised, he must first obtain leave from the Ninth Circuit to file a successive petition.

24  Because Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to

25  file his successive petition the undersigned finds that the Petition is an unauthorized successive

26  petition prohibited by 28 U.S.C. § 2244(b).  Therefore, this Court lacks jurisdiction to consider

27  Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the Petition.

28  *See Burton*, 549 U.S. at 157.

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.   CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order.  *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  To appeal, a prisoner must obtain a certificate of appealability.  28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further.  The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is **RECOMMENDED**:

1.  The Petition (Doc. No. 1) be DISMISSED as duplicative and as successive.

2.  No certificate of appealability be issued.

3.  The Clerk of Court be directed to terminate any pending motions/deadlines and close this case.

### NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id.*; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."  The assigned District Judge

will review these Findings and Recommendations under 28 U.S.C. § 636(b)(1)(C).  A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:    June 25, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

6