1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN,<br><br>  Petitioner,<br><br>v.<br><br>RACHAEL NEWCOMB et al.,<br><br>  Respondents. | Case No.: 1:24-cv-00644-KES-HBK (HC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>Docs. 1, 7<br><br>ORDER DENYING PETITIONER'S REQUEST TO CORRECT CASE AND REQUEST TO CORRECT ERROR<br><br>Docs. 5, 8 |

Petitioner Paul C. Bolin is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The assigned magistrate judge conducted a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, and on June 25, 2024 issued findings and recommendations recommending dismissal of the petition as duplicative and successive.  Doc. 7.  Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  Petitioner timely filed objections.  Doc. 9.  Petitioner also filed two requests to correct what he asserts are errors by the Court.  Docs.

1

5, 8.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the file, the Court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis. The petition is both duplicative and successive.

Petitioner's two requests to correct errors by the Court argue that the magistrate judge erred in construing his petition as a habeas corpus petition. Docs. 5, 8. He argues, instead, that it should have been construed as a request for an order to show cause. *See id.*

Petitioner's initial filing, Doc. 1, is clearly a habeas corpus petition. The Ninth Circuit has explained that claims by prisoners that relate to their imprisonment may be brought to federal court through two vehicles: a habeas corpus petition or a § 1983 complaint. *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016). These two avenues for relief, habeas and § 1983, are mutually exclusive. *Id.* at 927–33. A claim falls "within the core of habeas corpus" whenever a favorable ruling on the claim would necessarily result in the termination of custody or acceleration of the future date of release from custody. *See id.* at 928–30. "[H]abeas [is the only] available [vehicle] for claims that seek 'invalidation (in whole or in part) of the judgment authorizing the prisoner's confinement.'" *Id.* at 929 (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005)).

The petition asserts, among other things, that the prosecutor and the state courts conspired to unlawfully convict him, and that their actions were criminal. Doc. 1 at 2. His petition alleges that he is unlawfully imprisoned and requests that this Court "release [him] from custody." Doc. 1 at 14. It is patently clear that habeas is the exclusive vehicle for petitioner's claims, and the magistrate judge therefore correctly construed his initial filing as a habeas petition.

Petitioner is incorrect that his petition is merely a request for an order to show cause and not a habeas corpus petition. *See* Doc. 8 at 1. He requests that the Court issue an order to show cause which directs the respondents to respond to his claims. Doc. 1 at 13. However, the requests in his petition clearly do not end there, *see id.* at 14, and he only requests a response to his petition to achieve his ultimate goal: "release from [] custody." *Id.* at 14. Furthermore, given that his petition is a habeas petition, the Rules Governing Section 2254 Cases apply, and under

1  Rule 4, the Court need not order respondents to respond if it "plainly appears" that the petition is
2  defective. Rule 4 of the Rules Governing Section 2254 Cases; *Ross v. Williams*, 896 F.3d 958,
3  968 (9th Cir. 2018). As it is clear that the petition is defective, petitioner's requests for an order
4  to show cause, Doc. 1 at 13–14, as well as his requests to correct error, Docs. 5, 8, are denied, and
5  the petition is dismissed.

6        Having found that petitioner is not entitled to habeas relief, the Court now turns to
7  whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus
8  has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is
9  allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28
10 U.S.C. § 2253. Where, as here, the Court denies habeas relief on procedural grounds without
11 reaching the underlying constitutional claims, the Court should issue a certificate of appealability
12 "if jurists of reason would find it debatable whether the petition states a valid claim of the denial
13 of a constitutional right and that jurists of reason would find it debatable whether the district court
14 was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a
15 plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a
16 reasonable jurist could not conclude either that the district court erred in dismissing the petition or
17 that the petitioner should be allowed to proceed further." *Id.*

18       In the present case, the Court finds that reasonable jurists would not find the determination
19 that the petition should be dismissed debatable, wrong, or deserving of encouragement to proceed
20 further. Therefore, the Court declines to issue a certificate of appealability.

21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Based upon the foregoing:

1. The findings and recommendations issued on June 25, 2024, Doc. 7, are adopted in full;
2. The request to correct case, Doc. 5, and request to correct error, Doc. 8, are denied;
3. The petition for writ of habeas corpus, Doc. 1, is dismissed;
4. The Court declines to issue a certificate of appealability;
5. The Clerk of the Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated:   January 21, 2025

UNITED STATES DISTRICT JUDGE

4